UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| BASIL LOUD HAWK,<br><br>          Plaintiff,<br><br>vs.<br><br>BOB ECOFFEY, Superintendent of Bureau of Indian Affairs, in his individual and official capacity; and OTHER UNKNOWN NAMED EMPLOYEES, of the Bureau of Indian Affairs;<br><br>          Defendants. | CIV. 19-5012-JLV<br><br>ORDER |

**INTRODUCTION**

Plaintiff Basil Loud Hawk filed this *pro se* action alleging defendants Bob Ecoffey and unknown Bureau of Indian Affairs ("BIA") employees violated his statutory and constitutional rights.[1] (Docket 1). Plaintiff requested leave to proceed *in forma pauperis*, which the court denied because his prisoner trust account report showed he had sufficient funds to pay the $400 filing fee. (Docket 7). Plaintiff moves again for pauper status and filed an updated prisoner trust account report. (Dockets 10 & 11). The court grants plaintiff

---

[1]Mr. Ecoffey is no longer employed by the BIA. He is currently the chief of police for the Oglala Sioux Tribe. Arielle Zionts, OST Police Chief Brings Change to Reservation in First Six Months, Rapid City Journal, Oct. 31, 2018, available at, https://rapidcityjournal.com/news/local/crime-and-courts/ost-police-chief-brings-change-to-reservation-in-first-six/article_bb476ef8-dbb5-5f1b-a6ee-fe6c57b5d604.html (last accessed Feb. 10, 2020).

pauper status but dismisses his complaint. Plaintiff's remaining motions are denied as moot. (Dockets 5, 6 & 13).

I.     *In Forma Pauperis* **Status**

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, governs plaintiff's motion for pauper status. When a prisoner files a civil action *in forma pauperis*, the PLRA requires a prisoner to pay an initial partial filing fee when possible. 28 U.S.C. § 1915(b)(1). The initial partial filing fee is calculated according to § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A)   the average monthly deposits to the prisoner's account; or
>
> (B)   the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Id.

In support of his renewed motion, plaintiff provided a prisoner trust account report as of January 28, 2020, signed by an authorized official. (Docket 11). The report shows an average monthly deposit of $57.43 and a current balance of $0.12. Id. Plaintiff's average monthly balance for the six-month period preceding the filing of his complaint was $21.51. (Docket 3).

Based on this information, the court finds that plaintiff is indigent and qualifies for pauper status. Plaintiff must make an initial filing fee of $11.47, which is 20 percent of his average monthly deposits as attested to in the January 28 prisoner trust account report. The initial filing fee must be paid by **March 27, 2020**. These findings do not discharge the $400 filing fee but

rather allow plaintiff the opportunity to pay the filing fee in installments. See 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.").

## II.  Prisoner Complaint Screening

### A.  Legal standard

Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. This screening process "applies to all civil complaints filed by [a] prisoner[], regardless of payment of [the] filing fee." Lewis v. Estes, 242 F.3d 375, *1 (8th Cir. 2000) (unpublished table decision) (quoting Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999)). During this initial screening process, the court must dismiss the complaint in its entirety or in part if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The court may dismiss a complaint under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim as "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

3

Because plaintiff is proceeding *pro se*, his pleading must be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007).

**B.    Analysis**

Plaintiff's complaint alleges defendants violated his statutory and constitutional rights by failing to "submit[] the necessary documents" related to his federal indictment and conviction.[2] (Dockets 1 at pp. 4-6 & 1-1 at pp. 1-3). He raises his claims under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).[3] (Docket 1 at p. 1). Although the factual underpinnings of plaintiff's claims are not entirely clear, he appears to assert defendants failed to submit "a report or record of [his] offense or case . . . to the superintendent of the reservation," as required by federal law, rendering his conviction invalid. 25 U.S.C. § 200; see Docket 1-1 at pp. 1-3, 10. Plaintiff also asserts defendants violated the Indian Civil Rights Act ("ICRA"), 25 U.S.C. § 1302, as well as the Fifth and Fourteenth Amendments. (Docket 1 at pp. 4-6).

---

[2]Defendant pled guilty to second-degree murder and use of a firearm during a crime of violence. United States v. Loud Hawk, 245 F.3d 667, 668 (8th Cir. 2001).

[3]The court incorrectly identified the basis for plaintiff's claims as 42 U.S.C. § 1983 in prior orders. (Dockets 7 at p. 1 & 9 at p. 1).

4

In Bivens, the Supreme Court created an implied damages remedy for certain violations of the Fourth Amendment. 403 U.S. at 389. Including the facts of Bivens, the Court has approved an implied damages remedy in three circumstances: "a claim against FBI agents for handcuffing a man in his own home without a warrant; a claim against a Congressman for firing his female secretary; and a claim against prison officials for failure to treat an inmate's asthma." Ziglar v. Abbasi, 137 S. Ct. 1843, 1860 (2017) (citing Davis v. Passman, 442 U.S. 228 (1979); Carlson v. Green, 446 U.S. 14 (1980)). Expanding Bivens outside these contexts is "a disfavored judicial activity." Id. at 1857 (internal quotation omitted). "[A] Bivens remedy will not be available if there are special factors counselling hesitation in the absence of affirmative action by Congress." Id. (internal quotation omitted).

Plaintiff's constitutional claims are not cognizable under Bivens.[4] Plaintiff appears to assert defendants failed to produce paperwork associated with his conviction, violating his right to due process. Even assuming defendants' actions violated plaintiff's constitutional rights, they do not resemble the Bivens claims approved by the Supreme Court. In addition, there are "special factors counselling hesitation" present in this case. Subjecting

---

[4]Plaintiff's statutory claims are likewise not cognizable under Bivens. The statute plaintiff cites requiring a report to be made when "an Indian [is] incarcerated in an agency jail" does not authorize a private party to sue for an alleged violation. 25 U.S.C. § 200. Plaintiff's claimed ICRA violation also fails. Most important, defendants are alleged to be federal officials and thus are not governed by ICRA. Even if ICRA did apply, the Supreme Court held it contains no right of action enforceable in federal court other than a habeas action available to persons detained by a tribe. Santa Clara Pueblo v. Martinez, 436 U.S. 49, 69-70 (1978).

federal officials to liability for failing to process paperwork in an Indian country criminal case, as plaintiff asks, would necessarily impact law enforcement in Indian country as a whole. This court is not "well suited . . . to consider and weigh the costs and benefits of allowing a damages action to proceed" in this context. Id. at 1858. Plaintiff did not state a Bivens claim, requiring the court to dismiss the complaint. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

The court also finds plaintiff's claims are aimed at undermining the validity of his conviction. See Docket 1-1 at pp. 1, 7, 10-11 (alleging defendants were "not trained in proper procedure . . . to execute a Federal Indictment for a Native American" and requesting release from custody through prison administrative process). In Heck v. Humphrey, the Supreme Court held:

> [I]n order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

512 U.S. 477, 486-87 (1994). The United States Court of Appeals for the Eighth Circuit extended the Heck principle to Bivens actions, albeit in an unpublished opinion. See Washington v. Sorrows, 107 F.3d 876 (8th Cir. 1997) (unpublished table decision); see also Clemente v. Allen, 120 F.3d 703, 705 (7th Cir. 1997) (collecting published appellate authority).

The court concludes Heck applies and plaintiff's claims attacking his conviction may proceed only if the conviction has been overturned in some way. The conviction is valid. The Eighth Circuit affirmed the conviction on

6

direct appeal and the court has not granted a writ of habeas corpus. Plaintiff does not allege he received a presidential pardon. Accordingly, <u>Heck</u> bars plaintiff's claims, requiring the court to dismiss the complaint. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

## ORDER

For the above reasons, it is

ORDERED that plaintiff's motion to proceed *in forma pauperis* (Docket 10) is granted.

IT IS FURTHER ORDERED that plaintiff shall pay to the Clerk of Court for the United States District Court for the District of South Dakota an initial partial filing fee of $11.47 by **March 27, 2020**.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the institution having custody of plaintiff shall, whenever the amount in his inmate account exceeds $10, forward monthly payments that equal 20 percent of the funds credited to the account the preceding month to the Clerk of Court, until the $400 filing fee is paid in full.

IT IS FURTHER ORDERED that the Clerk of Court is directed to send a copy of this order to the appropriate official at plaintiff's institution.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), plaintiff's complaint (Docket 1) is dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion to appoint counsel (Docket 5), his motion for summary judgment (Docket 6) and his motion for an extension of time (Docket 13) are denied as moot.

Dated March 2, 2020.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE